[Civ. No. 8642. First Appellate District, Division Two.—September 19, 1932.]

In the Matter of the Estate of ALFRED FRY BROAD, Deceased. LOUISE M. BROAD, Appellant, v. WELLS FARGO BANK AND UNION TRUST COMPANY, as Executor, etc., et al., Respondents.

Milton Marks for Appellant.

Harry G. McKannay, F. V. Kessling, and Garton D. Keyston for Respondents.

STURTEVANT, J.—After the death of Alfred F. Broad a document purporting to be his will was admitted to probate. Afterward his surviving widow filed a contest. At about the same time a surviving daughter filed a contest. The respondents did not demur, but filed answers. A jury was waived and both causes were tried together before the trial judge sitting without a jury.

Immediately after the cause was called for trial the contestants started to make an opening statement. They were interrupted by the respondents, who claimed that the pleadings were not clear, but were ambiguous. The trial court gave the contestants permission to amend and that the amended pleadings could be filed at a later date. Such pleadings were not filed. In their opening statement both of the contestants claimed that the testator was of unsound mind at the time he executed the document purporting to be his will. Later they introduced evidence to that effect. The trial court made findings of fact in favor of the respondents on that issue and other material issues. From the orders based thereon the surviving wife has appealed.

It is not claimed that she has not filed proper transcripts nor that her brief is not on file (Code Civ. Proc., sec. 954), nevertheless the respondents have filed a motion to dismiss or to affirm, relying on subdivision 3, Rule V, as adopted May 6, 1932, Rules for Supreme Court and District Courts of Appeal. In support of the motion the respondents contend that this contestant did not plead general mental incompetency of the deceased and that she did not amend after permission was given to her to amend. We think the appellant attempted to plead general mental incompetency. If her pleading was ambiguous the respondents waived the

attack by failing to demur. (Code Civ. Proc., sec. 434.) Therefore appellant was not bound to amend. As the motion rests on the assumption that this contestant did not plead that the decedent was of unsound mind it follows that the motion is not well founded.

It is therefore ordered that the motion be and it is hereby denied and it is further ordered that the respondents be and they are hereby given twenty days from and after filing of this order within which to prepare, serve and file their brief.

Nourse, P. J., and Spence, J., concurred.